FILED IN CHAMBERS
U.S.D.C. Rome

FEB 2 8 2008

JAMES N. HATTEN, Clerk
By: _____
        Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| THOMAS HALSEY,<br>INMATE NO. 05-15357,<br>    Plaintiff,<br><br>    v.<br><br>DEKALB COUNTY SUPERIOR<br>COURT SYSTEM; LINDA<br>CARTER; and GWEN KEYES,<br>    Defendants. | :    PRISONER CIVIL RIGHTS<br>:    42 U.S.C. § 1983<br>:<br>:    CIVIL ACTION NO.<br>:    1:08-CV-0185-RLV<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER AND OPINION

Plaintiff, currently confined at the South Fulton Regional Jail in Union City, Georgia, has filed the instant pro se civil rights action. The matter is before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably

meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  <u>Brower v. County of Inyo</u>, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements.  First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579, 1581 (11th Cir. 1995).  Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law.  <u>Id.</u> If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A.  <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); <u>Beck v. Interstate Brands Corp.</u>, 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

2

II.    Discussion

According to Plaintiff, he has forgery and probation violation charges pending in DeKalb County, Georgia, and Defendants have failed to bring him to court to face those charges. (Doc. 1 at ¶ IV).  Plaintiff states that he was arrested on the forgery charges on August 5, 2005, but he was sent to prison on unrelated charges on March 31, 2006. (Id.).  Plaintiff alleges that he has never been indicted for the forgery arrests.  (Id.).

Plaintiff claims that he has filed a motion for a speedy indictment and a motion for indictment or dismissal of charges in DeKalb County, but these motions were ignored. (Id.).  Plaintiff alleges that, if the forgery and probation violation charges had already been resolved, he would now be on parole.  (Id.). Plaintiff states that he has been incarcerated since September 19, 2002.  (Id.).

Plaintiff asks this Court to dismiss the forgery and probation violation charges against him. (Doc. 1 at ¶ V).  Plaintiff also seeks money damages.  (Id.).

Plaintiff previously filed a civil rights action in this Court which raised a similar claim regarding pending charges in Butts County, Georgia. See Halsey v. Pope, et al., Civil Action No. 1:07-CV-2994-RLV (N.D. Ga. Jan. 3, 2008).  In the January 3, 2008, Order dismissing that action, this Court informed Plaintiff that

3

AO 72A
(Rev.8/8
2)

there was no "constitutionally imposed duty which requires a sheriff to execute an arrest warrant against an imprisoned individual before that person is released from custody." Id. at Doc. 5, p. 2.  This action is similarly without merit.

However, this Court first notes that Plaintiff may have already completed his sentence for the complained of charges.  The database for the Georgia Department of Corrections shows that Plaintiff was first convicted of forgery in Cobb County, Georgia, and began serving a four-year prison sentence for that crime on February 6, 2002. (www.dcor.state.ga.us).  On August 8, 2005, Plaintiff was released from prison and brought to DeKalb County to address a pending first degree forgery charge. (Id.).  Plaintiff was convicted in DeKalb County, and received a two-year sentence. (Id.).  On March 31, 2006, Plaintiff was placed in the custody of the Georgia Department of Corrections to serve his DeKalb County sentence. (Id.).  After receiving credit for time served as of August 8, 2005, Plaintiff was released from prison on August 7, 2007. (Id.).  Thus, Plaintiff may have already been convicted and served his sentence for the complained of forgery and probation violation charges.[1]

---

[1] The database for the Georgia Department of Corrections does not list probation violations as a reason for incarceration.

4

AO 72A
(Rev.8/8
2)

Even if Plaintiff still has additional charges pending in DeKalb County, he has not raised an actionable claim.  Plaintiff is now facing a pending, unspecified charge in at least one other Georgia County.  As this Court previously informed Plaintiff, DeKalb County is not required to bring him to court before he has resolved any pending charges in other counties.  In other words, counties have the right to determine in what order they will prosecute a defendant who faces charges in more than one jurisdiction.  Cf. United States v. Stearns, 479 F.3d 175 (2d Cir. 2007) ("government is not required to follow any particular order of prosecutions").

In summary, the complained of charges in DeKalb County appear to have been resolved.  If there are additional charges pending in DeKalb County, Plaintiff is not entitled to have them dismissed or to receive money damages for the complained of delay by DeKalb County to bring him to court to face those charges.  Accordingly, this action should be dismissed as frivolous.

5

III.    Conclusion

**IT IS ORDERED** that the instant civil rights action is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.  For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this 28*th* day of _____*Feb.*_____, 2008.

_____
ROBERT L. VINING, JR.
UNITED STATES DISTRICT JUDGE

6